Filed 12/13/13  P. v. Snow CA1/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>DENNIS ROBERT SNOW,<br><br>        Defendant and Appellant. | A137497<br><br>(Contra Costa County<br>Super. Ct. No. 4-175130-4) |

Dennis Robert Snow pleaded no contest to two felony counts.  The trial court suspended imposition of sentence, placed defendant on three years of formal probation, and ordered him to reimburse the county in the amount of $200 for public defender services.  Defendant contends the attorney fee order was improperly imposed without any substantial evidence he has the ability to pay the $200.  We find the order was properly imposed subject to a later determination of defendant's ability to pay.  However, we modify the felony order of probation to make it consistent with the trial court's oral pronouncement and its separate written order on attorney fees.  As so modified, we affirm the judgment.

## I.  BACKGROUND

On November 20, 2012, at 2:20 a.m., defendant was stopped by the police after committing several Vehicle Code violations.  The vehicle defendant was driving was discovered to have been stolen.  A search of the vehicle uncovered 2.47 grams of methamphetamine.

Defendant was charged by felony complaint with vehicle theft (Veh. Code, § 10851, subd. (a); count one) and possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a); count two). He pleaded no contest to both counts. That same day, the court suspended imposition of sentence and placed defendant on three years of formal probation, conditioned on serving a jail term of 270 days with credit for time served. The court conditionally ordered that defendant reimburse the county in the amount of $200 for public defender services as follows: "[The court:] As far as the attorney's fees, I am assessing $200 for the public defender. We do have them place a means of having a hearing on that and actually appearing in front of a court on it. Printed on the forms we have, we complied with everything required by that case, so that will be assessed. It's up to [defendant] to take any action if he wants to challenge that one. [¶] [Defense counsel]: Your Honor, just for the record, I would be objecting to the attorney fees."

Defendant timely appealed from his sentence.

## II. DISCUSSION

Defendant contends the order assessing him $200 for his court-appointed counsel fees must be reversed because there is no evidence showing he had the ability to pay those fees either at the time of sentencing or after he was released from custody. According to defendant, "there must be substantial evidence and a finding of an *ability* to pay before the court may order payment." He states he did not have to prove inability to pay.

Defendant notes nothing in the probation report suggests he had assets or income. In fact, it shows he was unable to work because he was in jail at the time of sentencing. The court ordered him to serve 148 more days (net of presentence credits). At sentencing, defendant explained he had quit his job a few weeks before his arrest on account of having a rod in his leg which caused him pain.[1] He stated he would be

---

[1] This information was elicited on voir dire by the court after defense counsel asked for an immediate determination of defendant's ability to pay a mandatory restitution fee and a criminal justice administration (CJA) fee. The court declined to find

2

applying for disability and food assistance and did not know if he would be able to work after his release. Having pleaded no contest to two felonies, defendant contends his ability to find employment would be seriously impeded regardless of his disability status.

The flaw in defendant's argument is that the trial court did not in fact make an unconditional order assessing $200 in attorney fees against him. It ordered him to appear before the probation collection unit within 20 working days after his release from custody for a determination of the amount, if any, of the attorney fees he could pay, which he had the right to challenge by requesting a court hearing. That procedure is consistent with the statute authorizing such assessments, Penal Code section 987.8.

Penal Code section 987.8 applies to any proceeding in which the defendant is represented by a public defender or appointed counsel. (Pen. Code, § 987.8, subd. (i).) Subdivision (b) of the statute provides in relevant part that in "any case in which a defendant is provided legal assistance, . . . upon conclusion of the criminal proceedings in the trial court, . . . the court may, after notice and a hearing, make a determination of the present ability of the defendant to pay all or a portion of the cost thereof. The court may, in its discretion, hold one such additional hearing within six months of the conclusion of the criminal proceedings. *The court may, in its discretion, order the defendant to appear before a county officer designated by the court to make an inquiry into the ability of the defendant to pay all or a portion of the legal assistance provided*." (Italics added.) The statute further provides, "[i]f the defendant, after having been ordered to appear before a county officer, has been given proper notice and fails to appear before a county officer within 20 working days, the county officer shall recommend to the court that the full cost of the legal assistance shall be ordered to be paid by the defendant." (Pen. Code, § 987.8, subd. (d).) Finally, "[i]f the court determines that the defendant has the present ability to pay all or a part of the cost, the court shall set the amount to be reimbursed and order the defendant to pay the sum to the county in the manner in which the court believes

defendant was unable to pay the restitution fine, citing the possibility defendant could be employed again following his release. The court waived the CJA fee due to noncompliance with the paperwork requirements for that fee.

3

reasonable and compatible with the defendant's financial ability." (Pen. Code, § 987.8, subd. (e)(5).)

Here, the trial court signed a written order on a preprinted form stating defendant was ordered to report to the county probation collection unit within 20 working days after his release from jail. The order stated a county officer would interview defendant at that time "to determine if you are able to pay all or part of the services of the attorney appointed by the Court to handle your case. If the Probation Collection Unit finds that you are able to pay a certain amount, and you do not agree, you have the right to a hearing in this Court to decide what amount, if any, you must pay." The order informed defendant he had a right to be heard in person at the hearing, to present witnesses and other documentary evidence, to confront and cross-examine adverse witnesses, and to have the evidence against him disclosed to him. Finally, the order stated that if defendant did not appear at the probation collection unit as ordered, he waived his right to a hearing, and the court would enter a judgment against him ordering him to pay for his attorney's services. Defendant's name is handwritten on the order acknowledging its receipt and stating that he understood if he did not report as ordered the court would thereafter enter judgment against him for the "TOTAL COSTS OF LEGAL SERVICES OF [HIS] ATTORNEY."

The procedure followed by the trial court complies with Penal Code section 987.8. The statute does not require the court to give notice and hold a hearing regarding a defendant's ability to pay before assessing a dollar amount for the services of appointed counsel. It specifically allows the court to have a designated county agency first determine whether the defendant is able to pay the assessed amount, subject to the defendant's right to challenge the county agency's determination before the court if he or she disagrees with it. (Pen. Code, § 987.8, subds. (b), (d).) The trial court's attorney fee order in this case, including the order referring defendant to the collection unit and his acknowledgment of it, complies with these procedures. However, the felony order of probation fails to reflect the conditional nature of the trial court's order on attorney fees, as expressed in the trial court's oral pronouncement at sentencing and its written order

4

referring defendant to the probation collection unit for a determination of his ability to pay. The felony order of probation should therefore be modified to state that defendant was referred to the probation collection unit to determine his ability to pay attorney fees. Accordingly, we will amend the order of probation in this one respect, and otherwise affirm the judgment. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185–187 [appellate court has inherent power to correct clerical error on its own motion].)

## III. DISPOSITION

The felony order of probation is modified to add the sentence: "Defendant is referred to the Probation Collection Unit for a determination of his ability to pay attorney fees in the amount of $200." As so modified, the judgment is affirmed.

_____
Margulies, Acting P.J.

We concur:


_____
Dondero, J.


_____
Sepulveda, J.[*]

_____

[*] Retired Associate Justice of the Court of Appeal, First Appellate District assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

5